## Commonwealth *versus* Elijah Catlin.

On an indictment for open gross lewdness and lascivious behavior, evidence of lewdness or *such* behavior in secret will not support the indictment.

This was an indictment against the defendant, grounded on *stat.* 1784, *c.* 40, § 6, and contained *three counts.*

The *first count* stated that on *the last day of July,* 1803, at ——— the defendant, being then and there a married man, did com

mit open gross lewdness and lascivious behavior, and did then * and there lewdly and lasciviously lie on a bed with one *A. D.*, she, the said *A. D.*, then and there not being the wife of the defendant.

The *second count* was similar to the first, excepting that it charged the *act* to be, that the defendant did lewdly and lasciviously put his arms about the said *A. D.*

The *third count* was in all respects like the *first*, only alleging a *different time.*

The marriage of the defendant was proved by the certificate of the clerk of the town of ——, in which the defendant resided, and where his marriage was recorded.

The evidence in support of the two first charges arose from the testimony of a witness who said that on the day mentioned in the indictment, and in the day-time, he was at the dwelling-house of *A. D.*, and that he there saw the defendant on a bed with her, in a *very familiar* situation. This witness testified that the bed was in a room, the doors of which were shut, and the window-shutters of the *front* windows closed, but that he saw the defendant and *A. D.*, by looking through the glass, or a broken pane of glass, he did not recollect which, of an *end* window. The same witness testified that on the same day, in the day-time, he saw the defendant throw his arms about the said *A. D.* and hug her; this he said was in the stoop or piazza of the dwelling-house, the witness being in the house, and seeing the transaction through a door-way, the door being partly shut.

In support of the *third count*, another witness testified that in the evening of the day mentioned in *that* count, when it was very dark, he was sitting in a room of the same dwelling-house alone; that *A. D.* was in an adjoining room (the door of communication between the two rooms being open) sitting on a bed; that while *he* was so sitting in the room, a man, whom he believed to be the defendant, passed through the room in which the witness then was, went into the other room to the said *A. D.*, there being no light in the same, except a dim light arising from the fire in the chimney, sat down on the bed with her, and that the defendant and *A. D.* soon after both got upon the bed, where they were together about fifteen minutes, when the defendant arose from the bed, and went away, without seeing the witness, as he believed.

The counsel for the defendant offered no evidence, but contended that as open gross lewdness was charged, and that only in the indictment, the evidence on the part of the government did not n any degree support the charge; nothing more being proved, at the utmost, than *secret acts.*

COMMONWEALTH *vs.* CATLIN.

The Court (*Strong Sedgwick, Sewall,* and *Thatcher,* justices) were unanimously of opinion, and *Strong,* J., who charged the jury, stated it as the unanimous opinion of the Court, that although it might be true that the facts proved amounted to an *offence,* yet that they did not prove the offence charged in the indictment ; that the offence charged is open gross lewdness and lascivious behavior, and nothing more : admitting every thing which has been testified to be true, there is certainly nothing more proved than *secret or private lewdness* and lascivious behavior, which cannot in any degree support the charge in the indictment.

Attorney-general (*Sullivan*) for the prosecution. *Dewey* and *Bidwell* for the defendant.